UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FELIPE BRANFORD,

                Plaintiff,

    v.                                          **DECISION AND ORDER**
                                                        05-CV-0344

THE RESEARCH FOUNDATION
OF SUNY,

                Defendant.

    1.    On January 9, 2008, Defendant filed a Motion to Dismiss Plaintiff's Complaint (Docket No. 71) pursuant to Rule 37(d) of the Federal Rules of Civil Procedure, which provides for the imposition of sanctions against a party who fails to attend his or her own deposition. Defendant contends that Plaintiff Felipe Branford ("Plaintiff") has twice failed to comply with the direction of Magistrate Judge H. Kenneth Schroeder Jr. to submit to a deposition. (Docket No. 72, p. 3). For the following reasons, Defendants' motion is denied without prejudice.

    2.    At a status conference on August 27, 2007, Judge Schroeder overruled Plaintiff's objections to undergoing a deposition, warning that Plaintiff either submit to one or the Court would entertain a motion to dismiss. (Docket No. 72, p. 4). Despite the Court's direction, Plaintiff failed to appear at his deposition which was set to take place on October 24, 2007, and did not notify the Defendant of his intended absence. Defendant was unable to reach Plaintiff by phone, but later that day received a voice mail message from an individual calling on Plaintiff's behalf who said that Plaintiff had a conflicting doctor's appointment and had forgotten to call. (Docket No. 72, p. 4). Plaintiff's deposition was rescheduled for December 19, 2007, but he again failed to appear or give notice that

he would not be there. (Docket No. 72, p. 5). Instead, Plaintiff wrote a letter to the Court arguing that he should not have to submit to the deposition without counsel. (Docket No. 72, pp. 5, 29). Plaintiff has discharged two different attorneys and was subsequently denied appointment of counsel by the Court on June 26, 2007. (Docket No. 63, pp. 2-3). Defendant was charged for the stenographer's appearance on the first date that Plaintiff failed to attend his deposition, and expects to be charged for the second date as well. (Docket No. 72, pp. 4, 5).

3.     Defendant argues that Plaintiff's Complaint should be dismissed because Plaintiff has willfully failed to comply with Judge Schroeder's initial directive to submit to a deposition, and has otherwise been flippant in complying with the procedures of litigation. (Docket No. 72, p. 6). Defendant also argues that Plaintiff should be ordered to pay the costs of the stenographer. In response to Defendant's motion, Plaintiff has filed a reply brief in which he explains that the medication he is on impairs his memory. (Docket No. 80, p. 2). He also repeats his argument—already addressed and rejected by Judge Schroeder—that Plaintiff cannot undergo a deposition without legal representation. (Docket No. 80, p. 3).

4.     This Court is largely unpersuaded by Plaintiff's arguments. First, Plaintiff's letter to the Court, written on December 19, 2007, makes reference to his deposition scheduled for that day, showing that he was aware of the deposition and intentionally chose not to attend. (Docket No. 72, p. 29). Second, Judge Schroeder resolved the motion for appointment of counsel, finding that assignment was not warranted given the grounds for Plaintiff's dismissal of his former attorneys and the likelihood of success on the merits of his claim. (Docket No. 63, pp. 2, 3). However, Plaintiff is and has been at liberty

to retain his own attorney.  Third, Judge Schroeder overruled Plaintiff's objections to a deposition and directed Plaintiff to attend one.  (Docket No. 72, p. 4).  Thus, by offering in excuse the same arguments that Judge Schroeder already found unpersuasive, Plaintiff has failed to comply with Judge Schroeder's orders.

5.   Nonetheless, Plaintiff is proceeding *pro se* in this litigation, and in this Court's view, granting the relief Defendant requests at this stage would be too drastic a measure. See Bobal v. Rensselaer Polytecnnic Inst., 916 F.2d 759, 764 (2d Cir. 1990) ("dismissal with prejudice [under Rule 37] is a harsh remedy to be used only in extreme situations . . . ").  Defendant's motion to dismiss is therefore denied without prejudice, subject to renewal if Plaintiff does not comply with Judge Schroeder's order directing Plaintiff to submit to a deposition.   Plaintiff is hereby warned that this action may be dismissed with prejudice if he does not submit to a deposition within **sixty days** of this Decision and Order.  Cf. id. at 764 (discussing that a court may dismiss an action brought by a *pro se* plaintiff if such plaintiff has been advised by the court that further non-compliance with a court order could result in dismissal of the case with prejudice). Should Plaintiff fail to submit to a deposition within sixty days, Defendant is free to renew its motion to dismiss.  In addition, Plaintiff shall pay the stenographer costs associated with his failure to appear for his depositions on October 24, 2007, and December 19, 2007.


IT HEREBY IS ORDERED, that Defendants' Motion to Dismiss (Docket No. 71) is DENIED without prejudice.

FURTHER, that Plaintiff shall submit to a deposition within 60 days of the filing of

this Decision and Order.

FURTHER, that Plaintiff is advised that failure to submit to this deposition, or failure to otherwise comply with discovery demands, may result in this action being dismissed with prejudice.

FURTHER, that Plaintiff shall pay the stenographer costs associated with Plaintiff's failure to appear for his depositions on October 24, 2007, and December 19, 2007.

SO ORDERED.

Dated: August 7, 2008
Buffalo, New York

<u>/s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge