UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

FELIPE BRANFORD,

    Plaintiff,

v.               **DECISION AND ORDER**
                 05-CV-0344

THE RESEARCH FOUNDATION OF SUNY,

    Defendant.

## I. INTRODUCTION

In this employment discrimination action, Plaintiff alleges that Defendant Research Foundation of SUNY discriminated against him in violation of the Americans with Disabilities Act. 42 U.S.C. §§ 12101 et seq ("ADA"). Presently before the Court is Defendant's Motion to Dismiss pursuant to Rule 37(d) of the Federal Rules of Civil Procedure.[1] Plaintiff opposes Defendant's Motion.[2] For the reasons stated below, Defendant's motion is granted.

## II. BACKGROUND

**A. Facts**

Plaintiff Felipe Branford commenced this action *pro se* by filing a Complaint in this Court against Defendant on May 16, 2005. (Docket No. 1.) Thereafter, this Court referred

---

[1] In support of its motion, Defendant filed a Memorandum of Law (Docket No. 92), an Affirmation (Docket No. 93), and a Reply Memorandum of Law (Docket No. 97).

[2] In opposition to Defendant's motion, Plaintiff filed a response (Docket No. 96), and an additional submission, which Plaintiff labels a "Plaintiff's reply in opposition to Defendant's motion to dismiss" (Docket No. 98). Because Plaintiff filed this reply after Defendant filed its reply to Plaintiff's first response, Plaintiff should have moved for permission to file a sur-reply. See Local Rule 7.1(c). However, this Court accepts Plaintiff's reply as a sur-reply, and has fully considered the arguments contained therein.

1

the case to the Honorable Hugh B. Scott, United States Magistrate Judge, for all pretrial matters.

### i. Plaintiff's Appointed Counsel

On September 27, 2005, Plaintiff moved for the appointment of counsel. (Docket No. 9.) Judge Scott granted the motion. (Docket No. 13.) Richard H. Wyssling, Esq. subsequently entered a notice of appearance on Plaintiff's behalf. (Docket No. 18.)

Wyssling and counsel for Defendant, James J. Rooney, Esq., prepared a joint discovery plan. (Docket No. 33, ¶ 4.) Under the plan, Plaintiff was scheduled to be deposed on September 21, 2006. (Id. ¶ 12.) When Wyssling informed Plaintiff about the deposition, Plaintiff asked Wyssling to immediately meet with him. (Id. ¶¶ 13-14.) Wyssling agreed and, at the meeting, Plaintiff asked Wyssling to provide him with a list of all the questions he would be asked at the deposition. (Id. ¶ 15.) Wyssling informed Plaintiff that he was not entitled to an advance list of questions and, according to Wyssling, an "angry debate" ensued. (Id.) Thereafter, Wyssling filed a motion to withdraw as attorney. (Docket No. 33.) Judge Scott granted the motion. (Docket No. 36.)

Following Wyssling's withdrawal, the Hon. Joseph S. Mattina (Ret.), Esq. appeared *pro bono* on Plaintiff's behalf for the purpose of facilitating a settlement. (Docket No. 36.) Mattina was able to secure an offer of $10,000 from Defendant, but Plaintiff refused to entertain any offer "less than $100,000." (Docket No. 96, p. 4.) Mattina then moved to withdraw from further representation, and the Honorable H. Kenneth Schroeder, Jr., United States Magistrate Judge, granted the motion. (Docket No. 40.[3])

---

[3] On November 30, 2006, Judge Scott recused himself from this case. (Docket No. 37.) As a result, this Court assigned further pre-trial proceedings to Judge Schroeder. (Docket No. 38.)

Plaintiff again moved for the appointment of counsel. (Docket No. 42.) Judge Schroeder denied Plaintiff's Motion, finding that Plaintiff had not demonstrated a likelihood of success on the merits of his claim, and also noting that Plaintiff had dismissed two prior court appointed attorneys. (Docket No. 63.)

### ii. Plaintiff's Discovery Obligations

#### a. Medical Examinations

Plaintiff was scheduled to undergo a follow-up independent medical examination performed by Dr. Michael Lynch on October 8, 2007. (Docket No. 93, ¶ 6.) But on the morning of the scheduled appointment, Plaintiff called Dr. Lynch's office to say that he would not attend. (Id. ¶ 6.) Plaintiff's appointment was rescheduled for November 29, 2007. (Id.) Plaintiff also failed to attend that appointment, as well. To date, Plaintiff has not seen Dr. Lynch for his follow up examination. (Id.)

#### b. Depositions

On July 31, 2007, Defendant notified Plaintiff that his deposition would be taken on August 16, 2007. (Docket No. 65.) By letter dated August 6, 2007, Plaintiff stated that he would not attend his deposition without counsel, and opined that Judge Schroeder's denial of his motion to appoint counsel was unfair. (Docket No. 72, Ex. D.)

On August 27, 2007, the parties appeared before Judge Schroeder for a status conference. Judge Schroeder directed Plaintiff to submit to a deposition within 30 days, and informed Plaintiff that the Court would entertain a motion to dismiss in the event he failed to attend. (Docket Nos. 66 and 67.)

The parties ultimately agreed amongst themselves that Plaintiff would submit to a

deposition on October 24, 2007. Plaintiff did not appear for the scheduled deposition, nor did Plaintiff notify Defendant in advance that he would not attend. (Docket No. 93, ¶ 9.)

Defendant rescheduled Plaintiff's deposition for December 19, 2007. (Docket No. 70.) Plaintiff again failed to appear. (Docket No. 93, ¶ 10.) In a letter dated the day of the deposition, and addressed to Judge Schroeder, Plaintiff acknowledged that his deposition was scheduled for December 19, 2007, but stated that he would not appear for any deposition unless and until the Court appointed him counsel. (Docket No. 72, Ex. I.)

On January 9, 2008, Defendant filed a Motion to Dismiss for Failure to Prosecute. (Docket No. 71.) This Court denied Defendant's motion, finding that dismissal with prejudice was too drastic a measure at that time. (Docket No. 82, ¶ 5.) But this Court directed Plaintiff to submit to a deposition within sixty days, and also warned Plaintiff that his failure to do so could result in the case being dismissed with prejudice. This Court also directed Plaintiff to pay the stenographer costs associated with his failure to appear for the two depositions scheduled for October 24, 2007, and December 19, 2007.

Defendant notified Plaintiff that he would be deposed on September 16, 2008, within sixty days of the Court's Order. (Docket No. 85.) But prior to the date of deposition, Plaintiff filed a document, stating that he would not submit to a deposition without legal counsel. (Docket No. 86.) Plaintiff again questioned Judge Schroeder's decision denying his request for court-appointed counsel. (Docket No. 86.)

This Court construed Plaintiff's submission as another motion to appoint counsel, which it denied for the reasons previously set forth by Judge Schroeder. (Docket No. 90.) This Court also reminded Plaintiff that he must submit to the deposition scheduled for September 16, 2008, and warned him that the case could be dismissed with prejudice if

he fails to do so.  (Id.)

Plaintiff did not appear at the scheduled deposition.  (Docket No. 93, ¶ 27.)  While awaiting Plaintiff's arrival, Tracie L. Covey, Esq., co-counsel for Defendant, called Plaintiff in an attempt to determine whether he would appear.  (Id. ¶ 28.)  Covey spoke with Luz Velez, who informed Covey that Plaintiff would not attend the deposition unless the Court appointed him counsel.  (Id.)

### III.  DISCUSSION

**A.     Standard for Dismissal**

Rule 37(d) of the Federal Rules of Civil Procedure authorizes a range of sanctions, including dismissal, that may be imposed on a party for failing to attend a deposition or to comply with a court order.  Although courts are afforded broad discretion in imposing Rule 37 sanctions, "[d]ismissal under Fed.R.Civ.P. 37 is a drastic penalty which should be imposed only in extreme circumstances."  Israel Aircraft Indus., Ltd. v. Standard Precision, 559 F.2d 203, 208 (2d Cir.1977).  And when the conduct at issue is that of a *pro se* litigant, courts must be cognizant of the special latitude granted to these litigants.  See Salahuddin v. Harris, 782 F.2d 1127, 1132 (2d Cir. 1986).  Nonetheless, parties appearing *pro se* are subject to the sanctions in Fed.R.Civ.P. 37 because "all litigants, including *pro ses*, have an obligation to comply with court orders...".  Agiwal v. Mid Island Mortgage Corp., 555 F.3d 298, 302 (2d Cir. 2009) (citing Minotti v. Lensink, 895 F.2d 100, 103 (2d Cir. 1990)).

To determine the appropriate sanction under Rule 37, courts evaluate four factors: "(1) the willfulness of the non-compliant party or the reason for non-compliance; (2) the

efficacy of lesser sanctions; (3) the duration of the period of noncompliance, and (4) whether the non-compliant party had been warned of the consequences of ... noncompliance." Agiwal, 555 F.3d at 302 (quoting Nieves v. City of New York, 208 F.R.D. 531, 535 (S.D.N.Y. 2002)).

A party's failure to comply with court orders may be deemed willful "when the court's orders have been clear, when the party has understood them, and when the party's non-compliance is not due to factors beyond the party's control." Baba v. Japan Travel Bureau Inter., Inc., 165 F.R.D. 398, 402–03 (S.D.N.Y. 1996). And a party's refusal to submit to a deposition based upon a perceived injustice, or disagreement with a decision of the court, does not justify non-compliance. See Valentine v. Museum of Modern Art, 29 F.3d 47, 49-50 (2d Cir. 1994) (where *pro se* plaintiff refused to attend deposition, arguing "th[e] "matter [was] sub judice," court rejected the argument and dismissed for failure to prosecute under Rule 37).

**B.      Analysis**

Plaintiff's conduct in this case was entirely willful. As demonstrated through Plaintiff's correspondence to this Court, and filed documents, Plaintiff was clearly aware of, and understood, the numerous orders requiring him to submit to a deposition. But Plaintiff chose to disregard those orders because Plaintiff disagreed with the decisions denying his requests for court-appointed counsel. As the United States Court of Appeals for the Second Circuit held in Valentine, Plaintiff's disagreement with those decisions does not authorize Plaintiff to repeatedly ignore orders from this Court.

This Court has considered the effect less drastic sanctions may have on Plaintiff's conduct, and finds that lesser sanctions would be futile. For instance, this Court has already directed Plaintiff to pay the stenographer costs resulting from his failure to appear at the first two depositions. But Plaintiff simply ignored this order (Docket No. 93, Ex. D), and then proceeded to skip his next scheduled deposition. Additionally, Plaintiff was twice warned that the case could be dismissed with prejudice if he refused to be deposed, yet he chose not to appear on September 16, 2008. Therefore, this Court finds that any sanction short of dismissal with prejudice would have no effect on Plaintiff's behavior.

Lastly, this case is over five years old, and for approximately the past two years it has been at a near standstill due to Plaintiff's refusal to submit to a deposition. See e.g., Shannon v. General Elec. Co., 186 F.3d 186, 194 (2d Cir. 1999) (affirming dismissal for failure to prosecute where failure lasted nearly two years); Cole v. Edwards, No. 04-CV-1936, 2005 WL 873226, at *2 (S.D.N.Y. Apr. 8, 2005) (finding delay in responding to defendant's interrogatories for over five months was substantial); Sterling Promotional Corp. v. Gen. Accident Ins. Co. of New York, 212 F.R.D. 464, 469 (S.D.N.Y. 2003) (granting dismissal where plaintiff's repeated evasion of the deposition of its president and main witness lasted more than two years).

## IV. CONCLUSION

Therefore, for the reasons stated above, Defendant's Motion to Dismiss the Complaint as a result of Plaintiff's failure to submit to a deposition is granted.

## V.  ORDERS

IT IS HEREBY ORDERED, that Defendant's Motion to Dismiss with Prejudice (Docket No. 91) is GRANTED.

FURTHER, that the Clerk of the Court is directed to take the necessary steps to close this case.

SO ORDERED.

Dated: June 26, 2009
       Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge
